## IN THE CIRCUIT COURT OF TISHOMINGO COUNTY, MISSISSIPPI

**SILVER DOLLAR SALES, INC.**     1:22cv111-DMB-RP     **PLAINTIFF**

VS.     CIVIL ACTION NO. CV22-0061WT

**DONALD M. PRESTON, Individually;**
**TEAM ABUNDANCE LLC; TRUIST BANK;**
**and JOHN DOES 1-10**     **DEFENDANTS**

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW** the Plaintiff, Silver Dollar Sales, Inc., by and through his undersigned attorney, and brings this his Complaint against Defendants, Donald M. Preston, Individually, Team Abundance LLC, and Truist Bank. In support thereof, Plaintiff would show unto this Honorable Court as follows, to-wit:

### PARTIES

1. Plaintiff, Silver Dollar Sales, Inc., is a domestic corporation formed under the laws of the State of Mississippi with its principal place of business located in Golden, Tishomingo County, Mississippi.

2. Defendant, Donald M. Preston ("Preston"), is an adult resident of Tampa, Hillsborough County, Florida and may be served with process at his residential address of 7010 Baywood Drive, Tampa, Florida 33637-6464.

3. Defendant, Team Abundance LLC ("Team Abundance"), is a foreign limited liability company incorporated under the laws of the State of Florida with its principal place of business located at 7010 Baywood Drive, Tampa, Florida 33637. Team Abundance can be served with process through its registered agent Donald M. Preston, 37210 Greiger Road, Zephyrhills,

TISHOMINGO COUNTY
FILED

JUL 0 5 2022

JOSH MCNATT, CIRCUIT CLERK
BY Marlena Caston

Florida 33542

4. Defendant, Truist Bank, is a foreign corporation formed under the laws of the State of North Carolina with its principal place of business located at 214 North Tryon Street, Charlotte, North Carolina 28202. Truist may be served with process through its registered agent Corporations Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

5. John Does 1 through 10 are the persons or entities, whether singular or plural, that caused or contributed to Plaintiff's damages as set forth herein. Plaintiff avers that the identities of the John Doe Defendants are unknown to Plaintiff at this time or, if their names are known to Plaintiff, their identities as proper parties are not known to Plaintiff at this time, and their true names will be substituted by amendment in accordance with the Mississippi Rules of Civil Procedure, when ascertained

## JURISDICTION AND VENUE

6. This Court has in personam jurisdiction over Defendants pursuant to Section 13-3-57 of the Mississippi Code of 1972, as amended (the Mississippi long-arm statute).

7. This civil action arises from a fraudulent transfer of funds and Plaintiff herein is seeking compensatory and other damages over Two Hundred Dollars ($200.00). Therefore, under Section 9-7-81 of the Mississippi Code of 1972, as amended, original jurisdiction is in the circuit court.

8. Because the incident giving rise to this civil action occurred, in part, in Tishomingo County, Mississippi, the proper venue for this action is in Tishomingo County, Mississippi, under Section 11-11-3 of the Mississippi Code of 1972, as amended

9. Therefore, this Court has subject matter jurisdiction of this civil action and venue is proper in the Circuit Court of Tishomingo County, Mississippi.

TISHOMINGO COUNTY
FILED    2

JUL 0 5 2022

JOSH MCNATT, CIRCUIT CLERK
BY Marlena Castor

10. Plaintiffs demands a jury trial of this civil action under Rule 38 of the Mississippi Rules of Civil Procedure as is her right under Article III, Section 31 of the Mississippi Constitution of 1890.

## FACTS

11. The incident giving rise to this civil action is a fraudulent transfer of funds which occurred on January 23, 2022.

12. On January 6, 2022, Plaintiff purchased 19,600 test kits from Team Abundance for $95,060.00. Said amount was electronically wired to Team Abundance that same day to complete the transaction.

13. Team Abundance subsequently amended the purchase amount to 29,400 test kits, and as a result, Plaintiff wired an additional $55,000.00 to Team Abundance for the additional 9,800 test kits on January 11, 2022.

14. The total amount wired to Team Abundance for the 24,900 test kits is $150,060.00.

15. Of the 24,900 test kits, only 14,700 shipped to the beneficiary of the purchase, Arlan Hobbs. The remaining 10,200 test kits did not ship.

16. Plaintiff was entitled to and requested a refund of $75,030.00 for the test kits that did not ship from Team Abundance.

17. Upon information and belief, Donald Preston, the owner of Team Abundance, agreed to refund Plaintiff $75,030.00 for the test kits that did not ship.

18. Plaintiff sent wiring instructions to Team Abundance with Plaintiff's bank information so Team Abundance could refund Plaintiff the $75,030.00. Plaintiff sent the following wiring information:

Bank Name: CB&S Bank

TISHOMINGO COUNTY
FILED
JUL 0 5 2022
JOSH MCNATT, CIRCUIT CLERK
BY Marlena Caston

3

200 S. Jackson Ave.
Russellville, AL 35659
ABA 062201559

Beneficiary: Silver Dollar Sales, Inc.
Account: 20105909

19. Team Abundance however received a set of fraudulent wiring instructions which did not include Plaintiff's correct bank account information. Preston claims he received these wiring instructions:

Bank Name: Truist Bank
Routing: 053201607

Beneficiary: Silver Dollar Sales, Inc.
Account: 1410017038149

20. On January 23, 2022, Team Abundance negligently wired $75,030.00 to the Truist Bank account not owned by Plaintiff using the fraudulent instructions.

21. Upon information and belief, Truist Bank allowed a customer to create a Truist Bank account under Plaintiff's name.

22. Upon information and belief, a foreign hacker gained access to Preston's email, intercepted the correct wire instructions and emailed the fraudulent account numbers to Team Abundance for the wire transfer.

23. Although the account number matched no accounts associated with Plaintiff, Truist Bank accepted the wire transfers and did not place a freeze on the funds.

24. At some point unknown to Plaintiff at this time, Truist Bank allowed $75,030.00 to be withdrawn from one of the Truist Bank accounts.

25. Truist Bank did not immediately return the money wired to the fraudulent Truist Bank account, even though the wires listed an account number that matched no Truist Bank

TISHOMINGO COUNTY
FILED

JUL 0 5 2022

JOSH MCNATT, CIRCUIT CLERK
BY Maelena Castor

4

account owned by Plaintiff.

26. After not receiving the $75,030.00, Plaintiff personnel contacted Donald Preston asking him if it had been wired to the bank account included in its wiring instructions. Preston did not respond to Plaintiff's request.

27. On February 11, 2022, Preston was again asked if the $75,030.00 wire had been sent to Plaintiff's bank, to which Preston responded, "apologies been slammed."

28. On February 17, 2022, Plaintiff personnel emailed Preston a third time asking if he had any information regarding the $75,030.00 Plaintiff was to be refunded. Preston represented he had no additional information about the missing funds.

29. On February 18, 2022, Preston was asked if he had talked to Truist Bank regarding the missing funds. Preston never replied to this request.

30. To date, Plaintiff has not received the $75,030.00 refund it is owed.

31. Plaintiff suffered injuries and damages as a result of the Defendants' conduct.

32. At all times, Defendants owed a duty to establish security protocols and measures that would prevent a third-party hacker from receiving intended for recipients, in this case, Plaintiff. Defendants breached this duty by not having such safety protocols and measures in place and allowing a third-party hacker to receive funds intended for Plaintiff.

## CAUSES OF ACTION

### COUNT I – DONALD M. PRESTON'S NEGLIGENCE

33. Plaintiff, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

34. Defendant Preston, as the owner of Team Abundance, owed a duty to Plaintiff to conform to certain standards of conduct as a result of the business relationship between Plaintiff and Team Abundance.

35. At all times, Preston had control over the sending of the subject wire transfer.

36. Preston negligently failed to review the incorrect wiring instructions before wiring to the fraudulent Truist Bank account.

37. As a direct and proximate result of Defendant Preston's negligence, Plaintiff has suffered damages.

## COUNT II – TEAM ABUNDANCE LLC NEGLIGENCE

38. Plaintiff, by this reference, adopts and re-asserts all the allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

39. Defendant Team Abundance owed a duty to Plaintiff to conform to a certain standard of conduct to protect Plaintiff's funds from unreasonable risk and unlawful activity that might result in the ability of a third-party hacker to unlawfully receive funds intended for the Plaintiff.

40. Team Abundance failed in this duty and breached this duty of reasonable care to the Plaintiff by not having sufficient security controls and measures to prevent a third-party hacker from receiving funds intended for the Plaintiff.

41. As a direct and proximate result of Team Abundance's negligence, Plaintiff has suffered damages.

## COUNT III – TRUIST BANK NEGLIGENCE

42. Plaintiff, by this reference, adopts and re-asserts all the allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

TISHOMINGO COUNTY
FILED

6

JUL 0 5 2022

JOSH MCNATT, CIRCUIT CLERK
BY Marlena Caston

43. Defendant Truist Bank had a duty of reasonable care to act as an ordinary and prudent banking institution at all times alleged herein.

44. Defendant Truist Bank breached said duties, and every such breach constituted a negligent and/or gross negligent act or omission which caused and/or contributed to the Plaintiff's injuries and damages. The Defendant's negligent and/or grossly negligent conduct includes, but is not limited to the following:

   a. Negligently accepting the subject wire transfer even though the names and account number did not match Plaintiff's account(s);

   b. Negligently failing to freeze all funds because the names and account numbers did not match Plaintiff's account(s);

   c. Negligently failing to freeze all funds after receiving notice of the fraud;

   d. Negligently failing to immediately return all funds after receiving notice of the fraud; and

   e. Negligently allowing the withdrawal of $75,030.00;

45. As a result of the bank/customer relationship between Plaintiff and Truist Bank, Truist Bank owed a duty to the Plaintiff to conform to a certain standard of conduct to protect Plaintiff's funds from unreasonable risk and unlawful activity that might result in the ability of a third-party hacker to unlawfully receive funds intended for the Plaintiff.

46. Truist Bank failed in this duty and breached this duty of reasonable care to the Plaintiff by not having sufficient security controls and measures to prevent a third-party hacker from receiving funds intended for the Plaintiff.

47. As a direct and proximate result of Truist Bank's conduct, the Plaintiff has suffered injuries and damages alleged herein.

TISHOMINGO COUNTY
FILED

7

JUL 0 5 2022

JOSH MCNATT, CIRCUIT CLERK
BY Mariena Casior

## COUNT IV – NEGLIGENCE OF JOHN DOES

48. Plaintiff incorporates by reference the preceding paragraphs.

49. Plaintiff alleges that the wrongful conduct of the John Doe Defendants combined and concurred with the wrongful conduct of the named Defendant and, as a proximate consequence thereof, resulted in Plaintiff's injuries and/or losses.

50. The foregoing Counts and causes of action stated herein or contained in any subsequent amendment are hereby adopted and alleged against any fictitious party described in the caption and style of this Complaint or any Amended Complaint, as well as others that may be discovered during this litigation.

## DAMAGES

51. Plaintiff, by this reference, adopts and re-asserts all the allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

52. As a direct and proximate result of negligence and breach of legal duties by the Defendants as set forth herein, the Plaintiff suffered actual economic loss in the amount of $75,000.00. That Plaintiff has also incurred incidental and consequential damages in pursuing this action and as a result of Defendants' conduct.

53. The actions and/or inactions of Defendants were grossly negligent, entitling Plaintiff to punitive damages under Mississippi Code Section 11-1-65 (1972, as amended) and/or under the common law, in an amount sufficient to punish Defendants and to deter similar future conduct.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Silver Dollar Sales, Inc., demands judgment against all Defendants, both named and fictitious, jointly, and severally, in an amount to be determined by jury along with pre-judgment and post-judgment interest as well as

TISHOMINGO COUNTY
FILED
JUL 0 5 2022
JOSH MCNATT, CIRCUIT CLERK
BY Marlena Castor

all costs in pursuing this action. Plaintiff requests general and such other relief as the Court may deem him to be entitled.

Respectfully Submitted,

**SILVER DOLLAR SALES, INC.**

By: _____
TERRENCE D. HUNTER, MBN 106304
Attorney for Plaintiff

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, Mississippi 38829
Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: thunter@langstonlott.com

TISHOMINGO COUNTY
FILED

JUL 0 5 2022

JOSH MCNATT, CIRCUIT CLERK
BY Marlena Caston

9